# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RENE R. ROSS,

    Plaintiff,

vs.

STATE OF NEVADA,

    Defendant.

Case No. 2:06-CV-00331-KJD-(GWF)

**ORDER**

    Plaintiff has submitted a new financial affidavit (#10). The Court finds that he cannot pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). However, Plaintiff must pay the filing fee in full. 28 U.S.C. § 1915(b)(2).

    The Court has also reviewed the Complaint and finds that it requires amendment. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

The sole defendant is the State of Nevada. Under the Eleventh Amendment to the Constitution, States are generally immune from actions in Federal courts. Congress has the power to override that immunity through legislation authorized by section 5 of the Fourteenth Amendment. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66 (1989). Pursuant to that power, Congress enacted 42 U.S.C. § 1983, which states in pertinent part:

> Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added)

The State of Nevada and any governmental entity that is considered an "arm of the State" for Eleventh Amendment purposes are not "persons" within section 1983's meaning of the term. <u>Doe v. Lawrence Livermore Nat. Laboratory</u>, 131 F.3d 836 (9th Cir. 1997) (quoting <u>Will</u>, 491 U.S. at 70). Therefore, it is immune from suit.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed <u>in Forma Pauperis</u>, which the Court construes from his financial affidavit (#10), is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting <u>forma pauperis</u> status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #62794), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.

1  The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the
2  Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.
3       IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaint.
4       IT IS FURTHER ORDERED that the Complaint is **DISMISSED** for failure to state
5  a claim upon which relief can be granted, with leave to amend.  The Clerk shall send to Plaintiff a
6  civil rights complaint form with instructions.  Plaintiff will have thirty (30) days from the date that
7  this Order is entered to submit his amended complaint, if he believes that he can correct the noted
8  deficiencies.  Failure to comply with this Order will result in the dismissal of this action.
9       DATED this 7th day of July, 2006.

                                                    KENT J. DAWSON
                                                  United States District Judge